# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HOWARD LEE WHITE,  ) 3:15-cv-00573-MMD-WGC
    Plaintiff,  )
    vs.  ) **ORDER**
ISIDRO BACA, *et al.*,  ) Re: ECF No. 36
    Defendants.  )

Before the court is Plaintiff's Motion for Leave of Court to File Second Amended and Supplement Complaint and Adding Defendants. (ECF No. 36; Proposed Second Amended Complaint at ECF No. 36-1.) Defendants filed a response (ECF No. 38), and Plaintiff filed a reply (ECF No. 39).

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl., ECF No. 7.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*) The defendants named in the amended complaint are Jayson Brumfield and Dr. Romeo Aranas.

On screening, Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim based on allegations that he is diabetic and was ordered a 2000 calorie medical diet and snack, but has never been provided with the meal, and has been served meals too high in sugar, starch and carbohydrates, which endanger his life. (Screening Order, ECF No. 10.) He was also allowed to proceed with a supplemental State law claim under Nevada Revised Statute 209.381 against Brumfield for allegedly being negligent in his duties as food service manager. (*Id.*)

After efforts to mediate this matter were unsuccessful (ECF No. 15), service was accepted on behalf of Defendants and they filed their answer on March 3, 2017. (ECF No. 20.) The court issued a scheduling order on March 6, 2017, requiring any pleading joining parties, or a motion for leave to amend to be filed by May 5, 2017. (ECF No. 21.)

On May 16, 2017, Plaintiff filed a motion to extend the discovery deadline (which was scheduled to close on June 5, 2017). (ECF No. 27.) In that motion, he stated he had received Brumfield's discovery responses on May 12, 2017, and he deemed them incomplete or evasive. (*Id*.) He indicated he needed additional time to discover the identity of the present dietician, and serve written interrogatories on or depose non-defendants food service cooks Thomas Wyatt, Richard Geer, dietician Mary Agnes Boni, food service manager John Ramos and NDOC Director James Dzurenda. (*Id*.) The court granted the motion and extended the discovery cutoff until July 6, 2017. (ECF No. 28.) The dispositive motion deadline was extended to August 7, 2017. (ECF No. 34.)

On June 29, 2017, Plaintiff filed a motion seeking leave of court to amend his complaint. (ECF No. 36.) The proposed second amended complaint adds as defendants: Mary Agnes Boni (licensed dietician), Richard Geer (food services cook supervisor 3), Jacob Council (food services cook supervisor 3), Thomas Wyatt (food services cook supervisor 3), and the State of Nevada. (ECF No. 36-1 at 2-4.) The motion asserts that Brumfield identified Mary Agnes Boni as the prior licensed dietician in discovery. (*Id*. at 2.) He states that the additional defendants "participated in furthering the practice that obviated the physician ordered 2000 calorie medical diet, from being carried out." (*Id*.)

In Count I of the proposed second amended complaint, like the first amended complaint, Plaintiff alleges that he was diagnosed with diabetes in 2003, transferred to NNCC in 2008, and was ordered a 2000 calorie medical diet with a "H.S. snack" by his medical provider. He contends, as he did previously, that he was never provided with the 2000 calorie medical diet, and instead was served the same meals as those served to the general population, which he contends are high in sugar, starch and carbohydrates and threaten his health. He avers that Dr. Aranas responded to his second level grievance by agreeing with the first level response that had advised him that meals coming out of the culinary are watched over by the "free staff" in that area, and the staff have guidelines to follow for cooking and serving food. He claims that Brumfield identified (presumably in discovery) "free staff" as the food

service cooks Wyatt, Council and Geer. He goes on to state that Geer, "also known as 'Jayson,'" when serving diabetic food trays stated: "well, no they are all the same." (ECF No. 36-1 at 6.) He goes on to recount the items served for meals on June 22, 2017. (ECF No. 36-1 at 6.)

He asserts that on May 12, 2017, Brumfield identified Mary Agnes Boni as the prior licensed dietician, stating he did not know the identity of the recent licensed dietician. (ECF No. 36-1 at 7.) He alleges that he was informed by a nurse that the dietician position was eliminated by the legislature, but diets were reviewed by a state health dietician on an as-needed basis. (ECF No. 36-1 at 7.) He also states that Administrative Regulation 269, effective March 7, 2017, was produced to him in discovery, and provides that medical diets will be developed and reviewed by a licensed dietician. (*Id.*)

In Count II, Plaintiff alleges that Brumfield, Geer, Council and Wyatt breached their duty of ensuring the proper preparation and distribution of his medically prescribed diet in violation of Nevada Revised Statute 209.381. (ECF No. 36-1 at 9.) He claims that when he informed Brumfield he was not receiving the diet, Brumfield said it was too much of a hassle to prepare separate meals for 1400 inmates. (*Id.*)

In their response to Plaintiff's motion for leave to amend, Defendants argue that Plaintiff failed to file his motion by the scheduling order deadline of May 5, 2017, and did not comply with Local Rule 15-1 by attaching the proposed amended complaint. (ECF No. 38.)

In his reply brief, Plaintiff notes the scheduling order deadline, but says that under Rule 15(c)(2), a claim asserted in an amended complaint relates back if it arose out of the conduct, transaction or occurrence set forth in the original complaint. (ECF No. 39.) Insofar as Local Rule 15-1 is concerned, Plaintiff states that on June 29, 2017, he handed the law library supervisor his motion and proposed amended complaint to be filed. (Id. at 2-3.)

## II. DISCUSSION

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to

3

seek leave to amend.

Insofar as Defendants argue that Plaintiff failed to comply with Local Rule 15-1's requirement that the proposed amended complaint be filed along with the motion for leave to amend, the court's docket reflects that the proposed second amended complaint was submitted with the motion. (*See* ECF Nos. 336, 6-1.)

The court will now turn to whether Plaintiff should be granted leave to amend even though he filed his motion after the scheduling order deadline.

The scheduling order issued on March 6, 2017, requiring any pleading adding parties or a motion for leave to amend be filed by May 5, 2017. (ECF No. 21.) Plaintiff filed his motion for leave to amend on June 29, 2017, more than a month after the scheduling order deadline.

Where a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id*. (emphasis original). Rule 16 expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex. rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment … Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609 (9th Cir. 1992) (citation and quotation marks omitted) (emphasis added). "Unlike Rule 15(a)'s liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. In other words, "'[t]he focus of the inquiry is upon the moving party's reasons for seeking modification.'" *Farnan*, 654 F.3d at 984 (quoting Johnson, 975 F.3d at 609). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

It appears that Plaintiff did not file his motion until after the scheduling order deadline because he did not discover the identity of these defendants until they were disclosed in Brumfield's discovery responses, which Plaintiff received after May 5, 2017. Therefore, the court finds that good cause exists to permit amendment beyond the scheduling order deadline. Defendants do not argue that amendment was sought in bad faith, would result in prejudice or undue delay or is futile. *See Amerisource,* 465 F.3d at 951. As such, Plaintiff's motion is granted, except that Plaintiff may not proceed against the State of Nevada, as it is immune from suit. U.S. Const. amend. XI.

## IV. CONCLUSION

(1) Plaintiff's motion for leave to amend (ECF No. 36) is **GRANTED**;

(2) The Clerk shall **FILE** the second amended complaint (ECF No. 36-1);

(3) Plaintiff may proceed with the following claims: Eighth Amendment deliberate indifference to serious medical need against Dr. Aranas, Brumfield, Boni, Geer, Council and Wyatt in Count I; and, State law claims based on Nevada Revised Statute 209.381 against Brumfield, Geer, Council and Wyatt in Count II.

(4) The State of Nevada is immune from suit;

(5) Within **FOURTEEN (14) DAYS** of the date of this Order, the Attorney General's Office shall file a notice advising the court whether it will accept service on behalf of Boni, Geer, Council and Wyatt. If it does not accept service for any of those defendants, it shall file their last known address under seal (and not serve the inmate plaintiff). If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es). If service is not accepted for any of the new defendants, Plaintiff shall file a motion identifying the unserved defendant(s) and requesting issuance of a summons and service of the summons and complaint.

(6) For those defendants on whose behalf the Attorney General has accepted service, the defendants shall file and serve an answer or other responsive pleading within **TWENTY-ONE** days of the date a notice of acceptance of service is filed.

(7) The pending motion for summary judgment of Defendants Brumfield and Dr. Aranas (ECF No. 40) and corresponding motion for leave to file documents under seal (ECF No. 41), which no longer address the operative complaint are **DENIED WITHOUT PREJUDICE**. The current scheduling

order deadlines are **VACATED**. Once a responsive pleading is filed as to the second amended complaint, the court will issue a new scheduling order setting forth case management deadlines, including a new dispositive motion deadline, or set a status conference, if necessary.

**IT IS SO ORDERED.**

DATED: August 30, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE