UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOWARD LEE WHITE, | ) | 3:15-cv-00573-MMD-WGC |
| Plaintiff, | ) ) | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | ) ) | Re: ECF No. 23 |
| ISIDRO BACA, *et al.*, | ) ) | |
| Defendants. | ) ) | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 23.) Defendants filed a response. (ECF No. 24.) Plaintiff filed a reply. (ECF No. 25.) The court granted Plaintiff leave to file a belated declaration in support of his motion. (ECF No. 26.) Defendants were permitted to file a supplemental response. (ECF No. 30.) Plaintiff then filed a reply to the supplemental response. (ECF No. 31.)

After a thorough review, the court recommends that the motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC).

///

The court screened Plaintiff's original complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Romeo Aranas and Jayson Brumfield based on allegations that he is diabetic and was ordered a 2000 calorie medical diet and snack, but has never been provided with the meal, and instead receives meals that are the same as the general population which he claims are too high in sugar, starch and carbohydrates, endangering his life. (Screening Order, ECF No. 10.) He was also allowed to proceed with a supplemental State law claim under Nevada Revised Statute 209.381 against Brumfield for allegedly being negligent in his duties. (*Id.*)

The court has concurrently issued an order granting Plaintiff's motion for leave to amend to file a second amended complaint which asserts the same claims but adds additional defendants, an NDOC dietician and three food services cook supervisors.

In his motion for preliminary injunction, Plaintiff seeks an order enjoining Defendants from continuing to deprive him of his physician-ordered 2000 calorie diet. (ECF No. 23 at 1.)

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure provide that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. See Gilmore v. People of the State of California, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### III. DISCUSSION

**A. Likelihood of Success on the merits**

Plaintiff claims he is likely to succeed on the merits because it is clear that intentionally interfering with prescribed medical treatment violates the Eighth Amendment. (ECF No. 23 at 4-5.) Plaintiff argues that Defendants have never provided him his physician-ordered 2000 calorie medical diet, but instead have served him the same meals as those served to the general population inmates, which threatens his health. (ECF No. 23 at 2.) He asserts that he has been denied his prescribed diet because Brumfield, the prison food manager, deems it too much of a hassle to prepare separate meals. (ECF No. 23 at 3.) He claims he experiences continued pain, sudden vision changes, hunger, numbness in his left hand and feet, tiredness and dry skin as a result. (*Id*.)

Defendants argue that Plaintiff has failed to provide any evidence to show that Defendants are responsible for not providing him with a medically approved diet or that he is indeed not receiving the medical approved diet. (ECF No. 24 at 4.) They assert that absent credible evidence that he is not receiving the diet, he is not likely to succeed on the merits. (*Id*.) They further contend that NNCC's culinary department maintains a record of his prescribed diet and prepares his meals in accordance with

specific dietician-approved instructions. (*Id.*, citing Ex. A, Brumfield Decl.) They point out that inmates prescribed medical diets likely receive the same or similar foods as inmates not subject to dietary restrictions but the portions or preparations may be different, and there may be certain modifications. (*Id.*)

Brumfield has been employed as NNCC's food service manager since 2001, and states that the NNCC culinary department maintains a list of inmates and their prescribed medical diets, as well as specific dietician approved instructions regarding quantity or portion size for every meal along with specific food items to provide to inmates prescribed particular medical diets, such as Plaintiff. (Brumfield Decl., ECF No. 24-1 at 3 ¶¶ 3-5.) He is aware Plaintiff has been prescribed a "2000 Cal A.D.A. with H.S. Snack" medical diet. (*Id.* at 4 ¶ 10.) He states that cooks under his supervision follow all medical diet orders, including Plaintiff's, and that Plaintiff receives meals in accordance with his prescribed medical diet. (*Id.* ¶¶ 11-12.)

In his supplemental reply, Plaintiff provides the declaration of a food server who states that he places food on trays according to the approved menu cycle, and indicates that every inmate receives the same portions for breakfast, lunch and dinner, except that inmates in the diet line receive cake without frosting. (ECF No. 26 at 10.)

In their response to the supplement, Defendants argue that Plaintiff's argument is based on his unsubstantiated lay opinion that the food he is served does not meet his prescribed diet, while Brumfield has attested that the culinary department adheres to a dietician written and approved menu for inmates on prescribed medical diets. (ECF No. 30 at 3.) They also state that Plaintiff never states how he knows his meals do not amount to 2000 calories. (ECF No. 30 at 4.) They provide a copy of a special diet menu, which includes modifications for the 2000 calorie diet. (ECF No. 30-1 at 2.) As Plaintiff points out, this document is titled ESP Menus Special Diets, which presumably references Ely State Prison.

Plaintiff also disputes that there is a dietician at NNCC. (ECF No. 26 at 7.) Defendants respond that Plaintiff's reliance on an outdated NDOC medical division chart does not amount to evidence that Plaintiff is not receiving his medical diet. (ECF No. 30 at 3.)

To show a likelihood of success on the merits of his Eighth Amendment deliberate indifference claim, Plaintiff must demonstrate he suffers from a serious medical need, and that Defendants knew of

and disregarded an excessive risk to his health. *Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

It is undisputed Plaintiff is diabetic, which is surely a serious medical condition. The issue, however, is whether Plaintiff has demonstrated a likelihood of success on his claim that Defendants were deliberately indifferent to that serious medical need by failing to provide him with his prescribed 2000 calorie medical diet.

At this juncture, the court cannot conclude Plaintiff has established a likelihood of success on the merits of that claim.

Plaintiff repeatedly states that he never received his prescribed 2000 calorie diet, and that he received the same meal as was served to other inmates. He details the food items served to general population inmates on certain dates in April 2017, and compares them with food served to inmates placed on special diets, noting modifications, but nowhere is there any information for the court to determine the caloric intake of either the meals provided to general population inmates or to Plaintiff. Plaintiff may discover this information in discovery, and could renew his request for injunctive relief, but at this point, there is no evidence before the court that Plaintiff's meals fell below the 2000 calorie threshold.

Importantly, Plaintiff has not presented evidence that even if it were true that he received generally the same meal as other inmates in general population received, that this posed an excessive risk to his health. He states generally that he is exposed to a risk of heart attack or stroke, but as Defendants point out, his canteen purchase history indicates that he has purchased a host of items that appear to be at odds with his claims that he should not be served meals with too much starch, sugar or carbohydrates. (*See* ECF No. 24-2.) He claims, on the one hand, that he is forced to purchase additional items to address his inadequate prison-provided meals, but on the other hand, he does not explain his choice of items that appear to pose the same nutritional risks he claims that Defendants have exposed him to. He has provided no medical records or even specific testimony concerning health effects as a result of the alleged deficient diet.

Under these circumstances, the court cannot conclude he is likely to succeed on the merits of his Eighth Amendment claim.

5

**B. Irreparable Harm**

Plaintiff claims he is threatened with irreparable harm as a result of the denial of the prescribed medical diet as a result of the chronic nature of his disease and the failure to satisfy his dietary requirements. (ECF No. 23 at 3-4.) He contends that if he does not receive a proper diet, he may suffer a heart attack or stroke and die. (*Id*. at 4.)

Defendants contend Plaintiff has not demonstrated immediate and irreparable harm. (ECF No. 24 at 5.) They also argue that if Plaintiff is suffering harm related to his diet, it is not attributable to Defendants or meals provided by NNCC, but as a result of his own purchase and consumption of foods, pointing to Plaintiff's canteen order history which reflects purchases of foods including ice cream, candy, honey buns, cookies, fruit drinks and chips. (*Id*., citing Exhibit B, ECF No. 24-2.)

In his reply and supplemental declaration, Plaintiff states that he makes canteen purchases to supplement his medically deficient diet. (ECF No. 25, ECF No. 26 at 6.)

As the court indicated above, Plaintiff has not demonstrated that he will suffer irreparable harm in the absence of injunctive relief. There is no specific evidence that his diet is deficient. Nor is there particular evidence indicating a risk of harm from his prison-served meals. As such, the court cannot conclude he has satisfied this element of his claim for injunctive relief.

**C. Balance of Equities & Public Interest**

Plaintiff asserts that his suffering is enormous, compared to Defendants having to carry out the physician's order, which they are already obligated to do. (ECF No. 23 at 4.) Defendants argue that when there is no evidence Defendants are not providing him his medically approved diet, and evidence that he is causing his own harm, the balance of hardships weighs in their favor. (ECF No. 24 at 5-6.)

Plaintiff argues that it is always in the public interest for prison officials to obey the law. (ECF No. 23 at 4.) Defendants argue that the public interest is served when prison officials are granted deference to effectively manage their institution. (ECF No. 24 at 6.)

In the absence of evidence demonstrating a likelihood of success on his claims, or a likelihood that he will suffer irreparable harm, the court cannot conclude that the equities balance in Plaintiff's favor or that injunctive relief is in the public interest.

///

**D. Conclusion**

Having failed to satisfy the prerequisites for injunctive relief, it is recommended that Plaintiff's motion be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motion for preliminary injunction (ECF No. 23).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: August 30, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE