UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD LEE WHITE,<br><br>Plaintiff,<br><br>v.<br><br>ISIDRO BACA, et. al.,<br><br>Defendants. | Case No. 3:15-cv-00573-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF Nos. 87, 88 |

Plaintiff has filed a Motion to Strike or in the Alternative Motion for Leave to File Supplemental Declarations in Response to Defendants' Reply in Support of Motion for Summary Judgment with Declaration of Jacob Council. (ECF No. 87.) He has also filed a Motion to File Late Pleading (ECF No. 88), to allow the late filing of ECF No. 87. Defendants filed a response. (ECF No. 90.)

Defendants filed their motion for summary judgment on February 23, 2018. (ECF Nos. 71, 71-1 to 71-13 and sealed exhibits ECF Nos. 73-1, 73-2.) After being granted an extension of time, Plaintiff filed his response on April 20, 2018. (ECF No. 83.) Defendants filed their reply in support of their motion for summary judgment on May 3, 2018. (ECF No. 86.) The reply brief is accompanied by a declaration of Jacob Council, who is a Food Service Cook/Supervisor III at Northern Nevada Correctional Center (NNCC), and responds to statements and arguments made in Plaintiff's opposition to the motion for summary judgment. (*See* ECF No. 86 at 4, ECF No. 86-1.)

Plaintiff moves to strike the declaration, arguing, among other things, that there is no authority for its filing; that Plaintiff cannot respond to it; and, it should have been included with the original motion.

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike

"redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Plaintiff moves to strike a declaration filed in connection with a reply brief supporting a motion for summary judgment, which is not a pleading. Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate...conduct." *Id.* (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

The court does not find there is a basis for striking the declaration. The declaration was filed as evidence in response to statements made in Plaintiff's response to the motion for summary judgment. To the extent Plaintiff maintains that he should be able to respond to the statements made in the declaration, his remedy, as he also recognizes, is to seek leave to file a sur-reply. To the extent Plaintiff moves to strike the Council declaration, that aspect of his motion is denied.

Local Rule 7-2 contemplates the filing of a motion, response, and reply. "Surreplies [a response to a reply brief] are not permitted without leave of court; motions for leave to file a surreply are discouraged." LR 7-2(b). Supplemental briefing is likewise prohibited, unless the party obtains leave of court. LR 7-2(g). A supplemental filing made without leave of court may be stricken. LR 7-2(g).

The court finds that good cause exists here to grant leave of court for the filing of a sur-reply by Plaintiff, which is contained within ECF No. 87, to address new matters raised in the declaration to which he would otherwise be unable to respond. As such, insofar as Plaintiff's motion requests leave to file a sur-reply, that aspect of the motion is granted.

///

///

# CONCLUSION

Plaintiff's motion (ECF No. 87) is **GRANTED IN PART AND DENIED IN PART**. The request to strike the Council declaration is **DENIED**; however, insofar as he seeks leave to file a sur-reply (which is contained within ECF No. 87), the motion is **GRANTED**. The motion to file a late "pleading" (ECF No. 88) is **DENIED AS MOOT**.

Defendants shall have up to and including **Friday, June 22, 2018** to file a response to the sur-reply. Briefing on the motion for summary judgment will then be complete and the court will address the motion in due course.

**IT IS SO ORDERED.**

DATED: June 14, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE