UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HOWARD LEE WHITE,

Plaintiff,

v.

ISIDRO BACA, *et al.*,

Defendants.

Case No. 3:15-cv-00573-MMD-WGC

ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB

**I.  SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 99) ("R&R"), recommending that the Court grant Defendants' motion for summary judgment ("Defendants' Motion") (ECF No. 71) relating to Plaintiff's Motion for a Preliminary Injunction ("Plaintiff's Motion") (ECF No. 23). Plaintiff had until September 4, 2018, to object to the R&R. (ECF No. 99.) To date, no objection to the R&R has been filed. The Court has reviewed the R&R and the briefs relating to Defendants' Motion (ECF Nos. 71, 73, 83, 86, 87, 91). The Court agrees with the R&R and will grant Defendants' Motion.

**II.  RELEVANT BACKGROUND**

Plaintiff Howard Lee White is an inmate in the custody of the Nevada Department of Corrections housed at the Northern Nevada Correctional Center ("NNCC") during the events that give rise to this action. (ECF No. 49 at 1.) Plaintiff alleges that he was diagnosed with diabetes in 2003 and was ordered a 2000-calorie medical diet with an "H.S. snack" by his medical provider. (*Id.* at 5.) Plaintiff asserts that Defendants failed to

provide him with meals that satisfied his dietary requirements. (*Id.*) The Court ultimately permitted Plaintiff to proceed with two claims in his Second Amended Complaint ("SAC"): (1) (Count I) deliberate indifference to serious medical needs in violation of the Eighth Amendment; and (2) (Count II) negligent breach of duty in violation of NRS § 209.381. (ECF No. 10 at 7; ECF No. 48 at 5.)

## III. LEGAL STANDARDS

### A. Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial."

1  *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.     Review of Magistrate Judge's Report and Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

///

**IV. DISCUSSION**

As noted, Plaintiff has failed to object to the R&R. Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendations.

Judge Cobb recommends granting granting summary judgment on Plaintiff's Eighth Amendment claim because Plaintiff fails to raise a genuine issue of material fact that Defendants were deliberately indifference to his nutritional needs. (ECF No. 99 at 6-12.) Defendants presented undisputed evidence that NNCC's culinary department maintains a list of inmates with prescribed medical diets and implements the dietitian-approved menus that follow a four-week cycle for breakfast, lunch, and dinner. (ECF No. 71-6 at 3; ECF No. 71-12 at 3; ECF No. 71-9 at 3.) Moreover, Defendant Jayson Brumfield, a Food Service Manager at NNCC, attested that Plaintiff is on the list to receive the prescribed medical diet, and his staff provide inmates on the list, including Plaintiff, with three meals a day within the licensed dietitian-approved menus for Plaintiff's prescribed medical diet. (ECF No. 71-9 at 3-4.) Brumfield explained that his department follows specific dietitian-approved instructions for each meal in the four-week cycle, as well as any modifications to that meal depending on the particular medical diet prescribed. (*Id.* at 3.) He provided as an example of a modification that an inmate with a lower calorie diet may receive a smaller portion of a piece of cake to accommodate the inmate's medical diet. (*Id.*) Based on the same undisputed evidence, Judge Cobb also recommends granting summary judgment on Plaintiff's negligence claim. (ECF No. 99 at 13.) Having reviewed the records, the Court agrees with Judge Cobb's recommendations.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendants' Motion.

4

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 99) is accepted and adopted in its entirety.

It is further ordered that Defendants' motion for summary judgment (ECF No. 71) is granted.

The Clerk is instructed to enter judgment in accordance with this order and close this case.

DATED THIS 6th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE