UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

HOWARD LEE WHITE,

Plaintiff,

v.

ISIDRO BACA, *et al.*,

Defendants.

Case No. 3:15-cv-00573-MMD-WGC

ORDER

## I. SUMMARY

The Court granted Defendants' motion for summary judgment and directed judgement be entered in favor of Defendants. (ECF No. 100.) In doing so, the Court reviewed *de novo* the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 99), recommending the granting of summary judgment. The Court found that Plaintiff failed to timely object to the R&R.[1] (ECF No. 100.) Plaintiff has filed a motion for relief from judgment ("Motion") under Rule 60(b).[2] (ECF No. 104.)

## II. RELEVANT BACKGROUND

Plaintiff Howard Lee White is an inmate in the custody of the Nevada Department of Corrections housed at the Northern Nevada Correctional Center ("NNCC") during the

---

[1]Plaintiff filed his objection ("Objection") on September 13, 2018, after the Court issued the order that is the subject of his Motion. (ECF No. 102.)

[2]Defendants filed a response on October 8, 2018 (ECF No. 109), and Plaintiff filed a reply on October 31, 2018 (ECF No. 111), fifteen days after the deadline of October 15, 2018. *See* LR 7-2(b). Nevertheless, the Court considers Plaintiff's reply.

events that give rise to this action. (ECF No. 49 at 1.) Plaintiff alleges that he was diagnosed with diabetes in 2003 and was ordered a 2000-calorie medical diet with an "H.S. snack" by his medical provider. (*Id.* at 5.) Plaintiff asserts that Defendants failed to provide him with meals that satisfied his dietary requirements. (*Id.*; ECF No. 104-1 at 3.) The Court ultimately permitted Plaintiff to proceed with two claims in his Second Amended Complaint ("SAC"): (1) (Count I) deliberate indifference to serious medical needs in violation of the Eighth Amendment; and (2) (Count II) negligent breach of duty in violation of NRS § 209.381. (ECF No. 10 at 7; ECF No. 48 at 5.)

**III. DISCUSSION**

Plaintiff argues that the Court adopted the R&R before the deadline for him to object had expired. (ECF No. 104 at 3.) Plaintiff had fourteen days from service of the R&R, which was issued on August 21, 2018, to file an objection. *See* LR IB 3-2(a). The Court had calculated the deadline to be September 4, 2018. Plaintiff had not objected by the time this Court issued the order adopting the R&R on September 6, 2018. (ECF No. 100.) Plaintiff asserts that he did not receive the R&R until August 27, 2018, which shifts the fourteen-day deadline to object to September 9, 2018, and he mailed his objection by that date. (ECF No. 104 at 2-3.) Defendants do not dispute Plaintiff's contention that the objection deadline had not lapsed by the time the Court adopted the R&R. (ECF No. 109 at 4.) Accordingly, the Court will accept Plaintiff's representation that he was denied the opportunity to file an objection based on the Court's mistake in calculating the deadline and will reconsider its decision in light of Plaintiff's Objection.[3]

---

[3]In order to preserve the finality of judgments, the Federal Rules of Civil Procedure limit a party's ability to seek relief from a final judgment. *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). Rule 60(b) lists six grounds under which a party may seek relief from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

The Court had independently reviewed the R&R and the briefs relating to Defendants' motion for summary judgment de novo. (ECF No. 100 at 1.) Plaintiff's Motion and Objection[4] raise the same argument—that Plaintiff has presented a genuine issue of material fact based on his allegations that "[Jayson] Brumfield chose to deny him his 'physician ordered 2000 calorie medical diet not because of had dietary judgment, but on account of policy, [] too much of a hassle to prepare separate meals for 1400 inmates.'" (ECF No. 102 at 5-6, 8-9; ECF No. 104-1 at 5-6, 9-10.) Plaintiff reiterates his allegation in his SAC that he was never served the required physician-ordered diet and in fact on June 22, 2017, Defendants served a total of 1,376 calories. (ECF No. 104-1 at 3 (citing ECF No. 49 at 6 (page 4A of SAC) to support this and other examples of daily meals that were under 2000 calories).) While Plaintiff insists that he was denied his physician-ordered 2000-calorie diet, he failed to offer admissible evidence to dispute that he is on the list to receive prescribed medical diets which consists of three meals a day within the licensed dietician-approved menus. (ECF No. 100 at 4.) As the Court found in adopting the R&R:

> Defendant Jayson Brumfield, a Food Service Manager at NNCC, attested that Plaintiff is on the list to receive the prescribed medical diet, and his staff provide inmates on the list, including Plaintiff, with three meals a day within the licensed dietitian-approved menus for Plaintiff's prescribed medical diet. (ECF No. 71-9 at 3-4.) Brumfield explained that his department follows specific dietitian-approved instructions for each meal in the four-week cycle, as well as any modifications to that meal depending on the particular medical diet prescribed. (*Id.* at 3.) He provided as an example of a modification that an inmate with a lower calorie diet may receive a smaller portion of a piece of cake to accommodate the inmate's medical diet. (*Id.*)

---

(3) fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

[4]Plaintiff's Motion attaches a copy of his Objection as the supporting memorandum. (ECF No. 104-1.)

(ECF No. 100 at 4.) Plaintiff cannot show that a genuine issue of material fact exists that Defendants were deliberately indifferent to Plaintiff's serious medical need.

Plaintiff argues that he presented newly discovered evidence that "NDOC and NNCC menus provide foods that are not nutritionally adequate."[5] (ECF No. 111 at 4.) He appears to suggest that because the prescribed medical diet menus were reviewed but not developed by Mary Agnes Boni, a licensed dietician, that Defendants cannot establish the diets on the prescribed medical diet menus are nutritionally adequate. (*Id.*) However, as Judge Cobb pointed out, [w]hile [Ms. Boni] did not write or develop the 'ESP Menus Special Diets' . . . she did review them for nutritional adequacy," and found the menus to be "nutritionally adequate for an adult male." (ECF No. 99 at 8.) Accordingly, the Court agrees with the Magistrate Judge's reasoning and his recommendation to grant summary judgment in favor of Defendants.

**IV. CONCLUSION**

The Court has reconsidered its order granting summary judgment in light of Plaintiff's Objection which the Court deems to be timely filed. However, the Court finds that summary judgment in favor of Defendants is warranted. Accordingly, the Court denies Plaintiff's motion for relief from judgment (ECF No. 104).

DATED THIS 5th day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5]Plaintiff cites to "*Stockmeier v. Green,* No. 7348 decided July 27, 2018" as support. (ECF No. 111 at 4.) Later in the same paragraph, Plaintiff cites to "*Stockmeier v. Green,* 130 Nev. Ad. Opin. 99 (2014)." (*Id.*) The Court assumes Plaintiff's references are to the same case—*Stockmeier v. Green,* 340 P.3d 583 (Nev. 2014). In that case, the Nevada Supreme Court reversed the district court's denial of a petition for writ of mandamus ordering the Chief Medical Officer at the time to comply with NRS § 209.382(1)(b), which in pertinent part requires the Chief Medical Officer to examine and report to the Board of State Prison Commissioners the "nutritional adequacy of the diet of incarcerated offenders." *Stockmeier,* 340 P.3d at 587-89. *Stockmeier* does not support Plaintiff's suggestion that he was not served prescribed medical diets or that the prescribed medical diet menus that were served are not nutritionally adequate.

4